GRIMES, Acting Chief Judge,
dissenting.
I doubt that section 39.02(5)(d) eliminates the sentencing requirements of section 39.-111(6) for any child convicted in criminal court, because section 39.02(6), which immediately follows section 39.02(5)(d), states:
(6) When a child has been transferred for criminal prosecution as an adult and the child has been found to have committed a violation of Florida law, the disposition of the case shall be made pursuant to s. 39.111(6).
In any event, section 39.02(5)(d) simply provides that once a child prosecuted in criminal court has been found to have committed an offense, he will thereafter be handled as an adult for any subsequent violation of Florida law. Thus, at the most, because appellant pled guilty in criminal court, he must be treated as an adult for any new violation of Florida law. However, the sentence appellant now challenges was imposed for the original violation. If section 39.-02(5)(d) is applicable at all in the context of this case, it would only come into play if the state files new charges against appellant for the petit theft which was the basis for the revocation of his probation.
Insofar as waiver is concerned, there is no doubt that by failing to appeal the probation order appellant lost the right to complain of the court’s noncompliance with section 39.111 at the time it placed him on probation. Yet, it was not until later that the court sentenced appellant to jail for the original offense, and he has timely appealed from that sentence. The fallacy in saying that he waited too long to complain is that it was only when he was sentenced to jail that he had anything to complain about. *1109 Section 39.111 is applicable to sentencing. Its obvious purpose is to require the court to first consider the advisability of sentencing alternatives before incarcerating youthful offenders with hardened criminals. However, appellant has now been jailed without regard to the statute.